# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | |
| BRANDON DICKERSON, | Crim. Action No. TDC-18-0461 |
| Defendant. | Crim. Action No. TDC-19-0288 |

## MEMORANDUM ORDER

Pending before the Court is Defendant Brandon Dickerson's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Motion for Compassionate Release"). On September 9, 2019, this Court sentenced Dickerson to a total sentence of 96 months of imprisonment based on his convictions in two different in cases. In Case No. TDC-18-0461, Dickerson was sentenced to 72 months of imprisonment on the charge of conspiracy to distribute and possess with intent to distribute one kilogram or more of phencyclidine ("PCP"), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). In Case No. TDC-19-0288, Dickerson was sentenced to 41 months of imprisonment on the charge of bank fraud conspiracy, in violation of 18 U.S.C. § 1349, to run concurrently with the sentence in Case No. TDC-18-0461, and a mandatory minimum, consecutive sentence of 24 months for aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Dickerson is presently designated to the Federal Correctional Institution Gilmer ("FCI-Gilmer") in Glenville, West Virginia and is scheduled to be released, assuming good time credits, on July 4, 2025.

In his Motion, Dickerson seeks a reduction of his sentence under a statutory provision commonly referred to as the "compassionate release" provision because of the COVID-19

pandemic and the significant health risk that exposure to the coronavirus would pose to him in light of various health conditions. The Government opposes the Motion.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1)   in any case that—
>
> (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)   extraordinary and compelling reasons warrant such a reduction;
>
> \* \* \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Here, there is no dispute that Dickerson has exhausted administrative remedies.

I.      **Extraordinary and Compelling Reasons**

Dickerson argues that the COVID-19 pandemic and his specific vulnerability to COVID-19 based on medical conditions present "extraordinary and compelling reasons" that warrant a reduction in his sentence to allow for his immediate release. *Id.* In the context of the COVID-19 pandemic, the Court finds that where an inmate is incarcerated within a prison in which there is imminent risk of exposure to the coronavirus and is at high risk for death or serious illness from COVID-19 based on age, medical conditions, or other factors, the requirement of "extraordinary and compelling reasons" within the meaning of 18 U.S.C. § 3582(c)(1)(A) that would justify a reduced sentence or release may satisfied. At the present time, there are 11 inmates and 8 correctional staff with active cases of COVID-19 at FCI-Gilmer. *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited Feb. 1, 2021). Since the onset of the pandemic, there have been 288 other inmates and 55 other correctional staff who contracted COVID-19 and have since recovered. *Id.*

Dickerson is presently 35 years old and has a body mass index ("BMI") that classifies him as obese, and he has a history of hypertension and a stroke. The United States Centers for Disease Control and Prevention ("CDC") has identified obesity, as defined by a BMI of over 30, as a condition that places an individual "at increased risk" of severe illness from COVID-19. *See People with Certain Medical Conditions*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 1, 2021). The CDC has listed hypertension and cerebrovascular diseases, such as stroke, as conditions that "might increase" the risk for severe illness from COVID-19, placing them in the second tier of potentially high-risk medical conditions. *Id.*

Although Dickerson's medical records provide evidence that Dickerson has had hypertension, including recent high blood pressure readings, and has been at a weight that results in a BMI of over 30, the Government correctly notes that Dickerson has also had recent examples of normal blood pressure readings and weight readings that place his BMI below 30, which would reduce but not eliminate the heightened risk based on obesity. While Dickerson may be a borderline case for high risk based on hypertension and obesity, when those conditions are combined with his history of stroke and the recent history of a significant number of COVID-19 cases at FCI-Gilmore, the Courts finds that there is a sufficient basis to conclude that there are "extraordinary and compelling reasons" that could warrant compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i).

## II.     Other Factors

Compassionate release, however, also requires consideration of the factors in 18 U.S.C. § 3553(a) and an assessment of whether a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Although the relevant policy statement in the sentencing guidelines permits a reduction based only on meeting the broad category of "extraordinary and compelling reasons," U.S.S.G. § 1B1.13(1)(A) & app. note 1(D), it specifically requires consideration of whether the prisoner presents a danger to others or to the community, U.S.S.G. § 1B1.13(2).

As to the § 3553(a) factors, Dickerson's total sentence of 96 months of imprisonment reflected the very serious nature and circumstances of the offenses of conviction. The drug distribution offense involved a significant quantity of PCP, one of the controlled substances with the most detrimental impact on communities, and Dickerson had a substantial role in the conspiracy as the individual who arranged for multiple shipments of PCP from Texas to Maryland.

4

The bank fraud conspiracy and aggravated identity theft convictions related to a serious fraud scheme victimizing numerous bank customers.  Dickerson also has a history of violent crime, based on a conviction for conspiracy to commit armed robbery.  Under these circumstances, and even if the Court accepts Dickerson's statement that he is "working hard on changing" himself, Mot. Compassionate Release at 2, ECF No. 16, the substantial sentence reduction requested by Dickerson, from 96 months to time served of approximately 29 months, constituting only 30 percent of the original sentence, is not consistent with need for the sentence to promote respect for the law, provide just punishment, and provide adequate deterrence to Dickerson.  Further, where such a reduced sentence would result in Dickerson serving less time than his co-defendant in Case No. TDC-16-0461, who was significantly less culpable but received a sentence 33 months of imprisonment, granting the Motion would be inconsistent with the need to avoid unwarranted sentencing disparities.  *See* 18 U.S.C. § 3553(a)(6).  Thus, the Court finds that the requested sentence reduction is not consistent with the § 3553(a) factors and will deny the Motion.  The Court therefore need not assess whether Dickerson continues to pose a specific danger to the community.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Dickerson's Motion for Compassionate Release, ECF No. 16, is DENIED.


Date:  February 1, 2021                             /s/ *Theodore D. Chuang*
                                                    THEODORE D. CHUANG
                                                    United States District Judge